RICHARD C. FELLOWS AND MICHAEL NOONAN, APPELLANTS, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENTS.

*Contract with the City of New York — Right of the city to charge interest on advances made while work progresses.*

Where by the terms of a contract entered into with the defendant, the contractor was not to be entitled to demand or receive any payment for any portion of the work to be done, or materials furnished, until the same should be fully completed, and the assessment to be levied therefor duly *confirmed;* but it was provided that advances might be made in conformity with a city ordinance, which ordinance provided that seventy per cent might be paid on certificates, "the remaining thirty per cent to be reserved until the final completion of the contract," but required that interest on such advances should be charged from the time of making them up to the time of the final payment. *Held,* that interest should be charged on the advances up to the time of the confirmation of the assessment.

That proof that defendant, through its departments, had for a series of years charged interest only up to the time of the completion of the work, and not until the confirmation of the assessment was immaterial.

To render the construction given to a statute by public officers admissible as evidence of its true meaning, the usage must have been general, continued and unquestioned.

This rule does not apply to the interpretation of contracts.

Usage is sometimes admissible to add to or explain, but never to vary or contradict expressly, or by implication, the terms of a written instrument, or the fair and legal import of a contract.

APPEAL by the plaintiffs from a judgment in favor of the plaintiffs, entered upon the verdict of a jury.

The action was brought to recover the amount due upon a contract for the construction of a sewer in Seventeenth street, Eleventh avenue and Twenty-third street, in the city of New York.

The principal question involved in the appeal related to the right of the defendant to deduct interest on advances, made to the plaintiff during the progress of the work.

The plaintiff, Richard C. Fellows, claimed an interest in the cause of action under an assignment thereof, given as collateral to a claim held by him against Noonan.

*John H. Strahan*, for the appellants.

*Francis Lynde Stetson*, for the respondent.

Brady, J. :

By the contract between the plaintiff Noonan and the defendants it was provided, that the former should not be entitled to demand or receive any payment for any portion of the work to be done or materials furnished until the same should be fully completed in the manner set forth in the agreement, and such completion should be duly certified, and the assessment to be laid therefor duly confirmed. Whereupon the defendants bound themselves to pay in one of two modes, excepting such sum or sums as might be lawfully retained under any provisions of the agreement contained for that purpose. It then contains the following condition : "But in case the amount payable under this contract be $5,000, or over, payments will be made to the said party of the second part, by monthly installments of seventy per cent on the amount of work performed under and in accordance with the provisions and stipulations of this agreement, in conformity with, and subject to the terms and conditions of an ordinance of the mayor, aldermen and commonalty of the city of New York, passed December 30, 1854, entitled ' An ordinance to authorize the issue of bonds upon contracts, payable by assessments, in pursuance of the act of the Legislature, passed April 16, 1852 ' (ch. 397), as amended March 8, 1861, excepting such sum or sums as may be lawfully retained under any of the provisions of this agreement ; provided that nothing herein contained be construed to affect the right hereby reserved, of the said board, to reject the whole or any portion of the aforesaid work, should the said certificates be found or known to be inconsistent with the terms of this agreement, or otherwise improperly given."

The sections of the ordinance referred to and bearing upon the question to be discussed are as follows :

Section 1. Whenever any contract shall be made hereafter by any of the departments of the corporation, the amount whereof is to be afterward collected by assessments from the property benefited by the work to be done under said contract, it shall be

the duty of the head of the department making such contracts to cause to be inserted therein a clause that, as the work progresses, payments will be made to the contractors by monthly installments of seventy per cent on the work performed, provided, the amount of work done on each installment shall amount to $1,500, and the head of the department making such contracts shall forthwith file a copy thereof with the comptroller.

Section 2. The amount due contractors on all contracts now confirmed by the common council, and on work now in progress, under contracts on account of regulating and paving streets, building sewers, and all other work ordered to be done by contract by virtue of ordinances of the common council, shall be paid by the comptroller from the proceeds of assessment bonds issued in accordance with the act of the Legislature, passed April 16, 1852 ; but no moneys shall be paid on account of said assessments or contracts until a copy of the original contracts has been filed with the comptroller of the city by the head of the department having such work in charge, with a certificate, in writing, from the head of such department, stating the amount of work that has been completed, and the amount due the contractor for such work, according to the terms of the original contract ; upon the amount thus certified and ascertained to be due to the contractor the comptroller shall pay seventy per cent, the remaining thirty per cent *to be reserved until the final completion of the contract.*

Section 3. For the purpose of providing for the payments contemplated under this ordinance it shall be the duty of the comptroller, from time to time, to borrow such sums as may be necessary, as provided in the act, entitled "an act to authorize the mayor, aldermen and commonalty of the city of New York to issue assessment bonds," passed April 16, 1852, upon bonds to be known as assessment bonds, at a rate of interest not to exceed six per cent per annum ; and the bonds so issued shall be paid from the collections made on the assessment lists, when confirmed by the common council, and which are hereby specifically pledged for such purpose ; and the contractors to whom payments shall have been made, in accordance with the provisions of sections one and two of this ordinance, *shall upon the final payment of the amount due upon their several contracts* be charged at the rate of seven per cent

per annum for all sums that may have been advanced to them, as *provided in the foregoing sections* of this *ordinance*; and it shall be the duty of the comptroller to deduct from the amount due on each contract the interest money so charged.

It will be perceived on examination of the ordinance that its provisions relate to payments which may be made under certain circumstances, and does not in any way vary the contract in relation to the balance which may remain due after such payments made. The words "the remaining thirty per cent to be reserved until the final completion of the contract" is a sequitur merely, and necessarily follows from the payment of the seventy per cent. The provision of the contract which attaches the ordinance to the agreement relates to payments in advance only, and the terms and conditions on which they may be made, and nothing more. It does not yield any of the covenants on the part of the contractor, and such was not the intention. All the rights and obligations imposed by the contract remain intact, and the quasi departure by payment on account is an advance on condition and on the supposition or assumption that the thirty per cent reserved will make up any deficiency, and cover any default of the contractor.

It does not, for example, in any way affect the covenant that the whole sum to be paid for the work and materials shall not become due or the contractor entitled to demand or receive payment for the same, until the assessments to be laid to pay for the work shall be duly confirmed; or the provision that when the work is completed a sum may be retained under any covenant contained in the agreement for that purpose. The payments of seventy per cent are for the benefit of the contractor, who is not obliged to wait until the work is completed before any compensation is made, and as a penalty or *quid pro quo* he is required to pay the interest on the sums advanced to him. It will be perceived that in the clauses imposing interest the words "for all sums that may have been advanced to them, as provided in the foregoing section to this ordinance," are used, and it is quite clear that such was the intent of the common council in passing the ordinance. This is more apparent from the fact that the money out of which the payments are to be made is to be raised by bonds to be issued, and which are to be paid by collections from the assessment lists

when confirmed. (Section 3.) The money is borrowed, therefore,. and at six per cent. The effect of these provisions of the contract and ordinance seems to be this : The city agrees to pay the contractor when the work is completed, and the assessment laid to meet the expenses is duly confirmed, but it will pay the contractor under certain conditions, seventy per cent as an advance for which interest will be charged ; and as the whole sum to be paid for the work is not due, or and part of it, until the assessment is duly confirmed, the interest must be paid until that time; the payment thus to be made relates to the terms of the contract providing for completion before compensation can be exacted. Where payments are made as the work progresses it is unusual to charge interest, and would be iniquitous to do so, inasmuch as the money is given because it has been earned and is payable by the terms of the contract when so much of the work is done as to warrant it. Here, however, the money is not payable, and what is given is an advance necessarily and is so intended inasmuch as the interest is charged upon it — charged because the money to pay the expense cannot be absolutely obtained until the assessment is confirmed.

This view results from the use of the words quoted, and from the following clause in connection with them, namely : " And it shall be the duty of the comptroller to deduct from the amount due on each contract the interest money so charged." It is true that the ordinance does not provide in express terms the period for which interest shall be charged, and it was not necessary that it should do so, inasmuch as the contractor would necessarily be charged with the interest until his contract matured ; or, in other words, until he became entitled to payment under the contract. If the contract were silent as to that, then he would be entitled to payment when the work was completed, but if otherwise, then at such time as the contract declared for that purpose. The result is that, as matter of construction, the payments made, being in the nature of advances, they must continue to be regarded as such until the maturity of the contract; in other words until the contractor is entitled to demand his payment. Unless, therefore, there is something in this case established, which has the legal effect of changing this result, the ruling at the circuit was correct, and the plaintiffs properly charged with interest up to

the time of the confirmation of the assessment. It is said by the appellant's counsel, who has presented an exhaustive brief, that the defendant, through its departments, has for a series of years charged interest up to the time of the completion of the work, and not until the confirmation of the assessment, and invokes with great ingenuity the proposition that the construction given a statute by public officers, and the practice under it, is evidence competent to determine the true meaning of the enactment, and has almost the force of a judicial construction. (See *Easton* v. *Pickersgill*, 55 N. Y. R., 310, 315.) This rule does not, however, apply to the interpretation of contracts. Usage is sometimes admissible to add to or explain, but never to vary or contradict, expressly or by implication, the terms of a written instrument, or the fair and legal import of a contract. (*Collender* v. *Dinsmore*, 55 N. Y. R., 200–209.)

Custom and usage it is said in that case are resorted to, only to ascertain the meaning and intention of the parties to a contract when the same could not be ascertained without extrinsic evidence, but never to contravene the express stipulations, and if there is no uncertainty as to the terms of a contract, usage cannot be proved to contradict or qualify its provisions. We have already attempted to demonstrate that there is no uncertainty, as to the provisions of the contract under consideration, in reference to the interest and the time for which it was to be paid on the advances made under its terms.

There is a further answer, however, to the proposition of the counsel for the plaintiff on this subject, and that is, that the usage must be general, continued and unquestioned to give it any of the weight of a judicial determination. This is not the case according to his proofs, because it appears that by one comptroller, and down to the year 1858, the interest was exacted to the date of the confirmation of the assessment, as an invariable custom, and the adoption of a different rule by his successor left the question open to discussion and doubt therefore, even when considered with reference to usage. The plaintiffs therefore gained nothing by invoking this element.

We do not think either that there is any value in the point made by the plaintiffs counsel, in regard to the rebate of interest

upon the sums advanced on account of the alleged delay of 120 days in the performance of the work caused by the defendant's acts. The learned justice at the trial charged the jury that if there was any delay of the work by any act of negligence, on the part of the defendant, the plaintiff was not chargeable, and therefore he should suffer no deduction on that account, having previously stated that the plaintiffs claimed $45,000, by reason of the negligence on the part of the defendant and delaying the work. And upon the conclusion of the charge, was requested by the counsel for the plaintiffs to charge specifically that the time the work was necessarily protracted from any act of the defendant by altering the line of the sewer, or the change of the grade, the plaintiffs were entitled to have deducted from the defendant's claim for interest on the seventy per cent advances, to which request the court answered : " I have charged that generally." It further appears on this subject, that the counsel for the defendant requested the learned justice to charge the contrary proposition, namely, that the jury could make no allowance for rebate of interest on account of delaying the work, because they had not sufficient evidence on which to determine the amount, which request was refused and the defendant excepted. It appears that the plaintiffs' claim was for the balance under the contract, namely, $69,227.89, with interest, and the further sum of $45,000 for damages. The jury found for the plaintiffs the sum of $55,460.14, with interest, to be computed from the date of the confirmation of the assessment. The interest, upon the theory that it was to be paid up to the time of such confirmation, and which amounted to $31,387.17, being deducted from the balance claimed under the contract, would leave $37,840.81, and it appears, therefore, that for damages the jury must have allowed $17,619.33, which added to the $37,840.81 makes the amount of the verdict. The subject of the rebate of interest was submitted to the consideration of the jury, because although the court refused to charge more specifically upon that subject than was done by the general charge, it distinctly refused, as we have seen, to charge that no allowance for such rebate could be made. The amount of damages awarded, as has been shown, was largely in excess of the amount of such rebate, and it is impossible for this court to say that the jury did not in estimating

the damages include this sum. The only exception on that subject was taken to the refusal of the court to charge specifically in regard to it. But the effect of such refusal was entirely overcome by the specific denial of the request, on behalf of the defendant, that they could make no allowance for a rebate of interest.

For these reasons, we think, the point made in regard to such rebate is not available to the plaintiffs, and that no advantage can result therefrom on this appeal.

In conclusion, it is only necessary to say that the defendants are not chargeable, by any facts and circumstances developed on the trial of this action, for 'any delay in the confirmation of the assessment laid for the purposes of the contract made with the plaintiff Noonan.

Judgment must therefore be affirmed, with costs.

DAVIS, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.